ISABELO PÉREZ GÓMEZ, Petitioner and Appellant, v. GERARDO DELGADO, WARDEN OF THE STATE PENITENTIARY OF PUERTO RICO, Defendant and Appellee.

No. 12841. Decided August 25, 1961.

*Augusto Burgos Mundo* and *Santos P. Amadeo* for appellant. *Arturo Estrella, Acting Attorney General,* and *Rodolfo Cruz Contreras, Assistant Attorney General,* for appellee.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, and Mr. Justice Rigau and Mr. Justice Dávila.

PER CURIAM.

The petition for habeas corpus filed by the appellant in the Superior Court, San Juan Part, is predicated on the lack of assistance of counsel during the trial in the District Court, Río Grande Part, for the offense of breach of peace and carrying of weapons. It was denied and on appeal he assigns the same as error, since he alleges that the petitioner did not actually have legal aid at the trial. But he also alleges that he did not have assistance of counsel in the appeals taken by him from the judgments rendered against him in cases 58-1719 and 58-1720 of the Río Grande Part of the District Court.

The evidence introduced at the trial court reveals that at least on two occasions prior to the hearing the cases were continued at defendant's request. And the day the trial was held the judge waited until around noontime for the attorney designated by the defendant. The attorney did not appear and the trial was held with an attorney appointed by the court to represent the defendant. Before the opening of the trial the defendant conferred with the attorney designated by the judge, and the court advised them before the commencement of the trial of the two cases that they had all the time necessary to prepare the defense. On repeated occasions we have held, in cases involving similar facts, that the right to assistance of counsel has not been impaired. *Hernández* v. *Delgado, Warden,* 82 P.R.R. 474 (1961) ; *Méndez* v. *Delgado, Warden, ante,* p. 178.

However, as respects the lack of assistance of counsel in the appeal, the reality is that the question was not

raised either in the petition or at the hearing of the habeas corpus, and that is not actually the question involved in this case. It is alleged that the defendant appealed from the judgments of conviction rendered by the Río Grande Part of the District Court in cases 58-1719 and 58-1720, to the Superior Court, San Juan Part; that the petition for appeal was signed by Mr. Luis Sánchez Bahamonde, while the entire proceeding subsequent to the filing of the petition was notified to Mr. Luis Miranda Correa, who represented the defendant as attorney *de officio* at the trial of the cases in the district court. It is alleged that Mr. Luis Miranda Correa informed the clerk of the court that he did not represent the defendant in the appeal, and that notice of any motion or order in the said cases should be served on Mr. Luis Sánchez Bahamonde. It is alleged that notwithstanding the fact such notice was given to the clerk of the Superior Court, San Juan Part, the district attorney's motion for dismissal of the appeal was served on Mr. Luis Miranda Correa. It is stated that as a result of the foregoing, the petitions for appeal in both cases were denied without the attorney hired by the defendant to perfect the appeal having been notified of any of the proceedings.

If these facts are true, it would not be proper to set aside the judgments rendered by the District Court, Río Grande Part, since they were entered by a court with jurisdiction because the defendant, as we have already determined, was duly assisted by counsel at the trial before that court. The proper thing to do is to move the trial court, after establishing these facts and hearing the district attorney, to reinstate the appeal dismissed in cases 58–1719 and 58–1720 of the Río Grande Part of the District Court.

For the foregoing reasons, the order appealed from entered by the Superior Court, San Juan Part, on July 20, 1959, will be affirmed.